VENDRINK CORPORATION OF NEW YORK, Respondent, *v.* HERBERT [HUGH] C. MACBRIDE, Appellant.

First Department, December 13, 1940.

*Nathan H. Elman*, for the appellant.

*Kevie Frankel*, for the respondent.

GLENNON, J.  The plaintiff seeks to recover the sum of $13,100 based upon an alleged sale of certain of its certificates of stock and participation agreements which were issued by the plaintiff corporation.  In its complaint it set forth the certificate numbers of the stock and the series numbers of the participation agreements. The defendant in his answer denied that he had purchased any of the securities and set forth as affirmative defenses that each certificate of stock and each participation agreement mentioned in the complaint was issued to one Bertram Crawford, a former officer of the plaintiff corporation, and, furthermore, that the stock certificates and the participation agreements were held simply as collateral security for a loan which the defendant made to one Budd Carrier.

After issue was joined, the defendant made a motion for summary judgment dismissing the complaint upon his affidavit which set forth in detail the circumstances under which he became possessed of the securities.  He has shown in his affidavit that plaintiff corporation was organized in 1938 by Budd Carrier.  While Carrier did not hold any office in the corporation, he placed his brother-in-

law, Bertram Crawford, in the office of treasurer. He further showed by his affidavit and also by documentary proof, that he had loaned Carrier about $9,000 and that the latter caused all of the stock mentioned in the complaint and also the participation agreements to be delivered to him as security for the loan.

The plaintiff has not seen fit to controvert the statements made by defendant by an affidavit of any of its officers. We do not see how it is possible for the plaintiff to succeed and, consequently, we have determined that the action has no merit within the meaning of rule 113 of the Rules of Civil Practice and that the complaint must be dismissed.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.